**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Burns, Felicia R.

Case No.: 15-43939 MER

CHAPTER 13 PLAN  ☒ Modified

Dated: April 4, 2019

Debtor.

*In a joint case, debtor means debtors in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☐ Included | ☒ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☒ Included | ☐ Not Included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE:**

| | | |
|---|---|---|
| 2.1 | As of the date of this plan, the debtor has paid the trustee | $15,125.34 |
| 2.2 | After the date of this plan, the debtor will pay the trustee 480 per month for 19 months beginning in May (mo.) of 2019 (yr.) for a total of $9,120.00. The initial plan payment is due not later than 30 days after the order for relief. | |
| 2.3 | The minimum plan length is ☐ 36 months or ☒ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time. | |
| 2.4 | The debtor will also pay the trustee | $75/90 per month beginning May 2019 for 18/1 months, representing 3 missed payments |
| 2.5 | The debtor will pay the trustee a total of | $10,560.00  [lines 2.1 + 2.2 + 2.4]. |

**Part 3. PAYMENTS BY TRUSTEE:**
The Trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or

$1,056.00   [line 2.5 x .10]

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C)):**
The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly payment | Number of payments | Total payments |
|---|---|---|---|
| 4.1. | | | |
| TOTAL | | | |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):**
The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| Creditor | Description of property |
|---|---|
| 5.1. | |

**Part 6. CLAIMS NOT IN DEFAULT:**

Case Number: 15-43939 MER         Page 1 of 5

Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| Creditor | Description of property |
|---|---|
| 6.1. Ally Financial STAY LIFTED | 2015 Chrysler 200 |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):**
The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

| Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|
| 7.1. | | | | | |
| TOTAL | | | | | |

**Part 8. CLAIMS IN DEFAULT (§§ 1322(b)(3) AND (5) AND 1322(e)):**
The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 8.1. | | | | | | |
| TOTAL | | | | | | |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in this Part control over any contrary amounts except for secured claims of govern-mental units):**
The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

| Creditor | Claim amount | Secured claim | Int. rate | Beginning in month # | Monthly payment | x Num of pmts. | = Plan pmts. | + Adq. Pro. from Part 4 | Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 9.1. | | | | | | | | | |
| TOTAL | | | | | | | | | |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):**

The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

| Creditor | Claim amount | Int. rate | Beginning in month # | Monthly payment | x Num of pmts | = Plan payments | + Adq. Pro. from Part 4 | Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1. Internal Revenue Service. PAID | $5,170.00 | | | | | | | |
| TOTAL | | | | | | | | |

**Part 11. PRIORITY CLAIMS (not including claims under Part 12):**

The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly payment | Beginning in month # | x Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 11.1. | Walker & Walker Law Office | $4,960.00 | $475.20 | 1 | 2 | **$750.00** |
| 11.2. | Internal Revenue Service | $6,257.86 | Pro Rata | | | **$6,257.86** |
| 11.3. | MN Dept. of Revenue | $2,173.33 | Pro Rata | | | **$2,173.33** |
| | TOTAL | | | | | $9,181.19 |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:**

The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly payment | Beginning in month # | x Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 12.1. | | | | | | |
| | TOTAL | | | | | |

**Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS:**

In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured claims described as follows: [   ]

The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

| | Creditor | Estimated claim | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
| 13.1. | | | | | | | |
| | TOTAL | | | | | | |

**Part 14. TIMELY FILED UNSECURED CLAIMS:**

The trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately

$322.81   [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

| 14.1 | The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are | |
|---|---|---|
| 14.2 | The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 9 and 13) are | $66,995.00 |
| 14.3 | Total estimated unsecured claims are [lines 14.1 + 14.2] | $66,995.00 |

**Part 15. TARDILY-FILED UNSECURED CLAIMS:**

All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:**

The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays §§362(a) and §§1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property |
|---|---|---|
| +/- | 16.1. | |

**Part 17. NONSTANDARD PROVISIONS:**
The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| | | |
|---|---|---|
| +/- | 17.1. | -To the extent that Child Support is an unsecured claim for AFDC reimbursement, it shall be designated a separate class and paid in full. Child Support Collections is authorized to continue automatic wage withholding for ongoing, post-petition child support. Child Support Collections may obtain, modify and enforce the debtor's current ongoing child support obligation, including medical support and child care, including wage withholding. |
| +/- | 17.2. | -Claims filed as secured, but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Paragraph 14 above. |
| +/- | 17.3. | -Debtor(s) shall be entitled to the first $1200 for an individual Chapter 13 debtor and $2000 for married Chapter 13 debtors, of each year's tax refunds. The balance shall be paid to the trustee as an additional plan payment. Any Earned Income Credit and Minnesota Working Family Credits shall be retained by the debtor(s). The debtors shall keep these credits in addition to the $1,200, or $2,000. |
| +/- | 17.4. | -Pursuant to 11 USC Sec. 1305(a)(1), claims for post-petition federal income taxes due to the Internal Revenue Service (IRS) for the year in which the case was filed are to be included in the plan and paid by the Trustee. |
| +/- | 17.5. | -If the plan provides for payment of an obligation by a 3rd party or co-debtor, and a default occurs, any resulting claim shall be treated and discharged as a general, unsecured claim. |
| +/- | 17.6. | -Secured creditors are authorized to and shall continue to send the debtor(s) billing statements unless the Plan provides for surrender of the collateral. |
| +/- | 17.7. | -The Trustee may distribute additional sums not expressly provided at the trustee's discretion. |
| +/- | 17.8. | Approval by the Court or the Chapter 13 Trustee shall not be required prior to the debtor incurring consumer debt while this case is pending, but the holder of a claim against the debtor based upon such debt is subject to § 1305 |
| +/- | 17.9. | SURRENDER and RELIEF FROM STAY: Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case. |
| +/- | 17.10. | 71 Payments remained on the Ally Financial loan secured by the 2015 Chrysler 200, at the time of filing. |

**SUMMARY OF PAYMENTS**:

Case Number:    15-43939 MER                    Page 4 of 5

| Class of payment | Amount to be paid |
|---|---|
| Payments by trustee [Part 3] | $1,056.00 |
| Home mortgages in default [Part 7] | |
| Claims in default [Part 8] | |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | |
| Secured claims excluded from § 506 [Part 10] | |
| Priority claims [Part 11] | $9,181.19 |
| Domestic support obligation claims [Part 12] | |
| Separate classes of unsecured claims [Part 13] | |
| Timely filed unsecured claims [Part 14] | $322.81 |
| TOTAL (must equal line 2.5) | $10,560.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed: /s/ Andrew Walker

Attorney for debtor or debtor if pro se

Debtor1 signed: /s/ Felisha Burns

Debtor2 signed (if joint case):

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE: Burns, Felisha R.                                   Case No. BKY: 15-43939

Chapter 13 Case

Debtor(s),

UNSWORN CERTIFICATE OF SERVICE

I, Darcee McKinnon, Declare under penalty of perjury that on April 23, 2019, I mailed copies of the foregoing Modified Plan, Notice of Hearing and Motion, Memorandum of Law, and Proposed Order by first class mail, postage prepaid, or by electronic mail using ECF, to each entity named below at the address stated below for each entity.

United States Trustee
1015 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Gregory Burrell
Chapter 13 Trustee
310 Plymouth Building
12 South Sixth Street
Minneapolis, MN 55402

All creditors on the attached list

Executed on:  April 23, 2019                    /e/ Darcee McKinnon

```
Abbott Northwestern Hospital      Comenity Bank Maurices            Minnesota Department of Revenue
800 East 28th Street              Bankruptcy Correspondence         551 Bkcy Section
Minneapolis, MN 55407             PO Box 182125                     P O Box 64447
                                  Columbus OH 43218 2125            St Paul MN 55164


Allina Health Laboratory          Comenity Bank Roamans             New York and Company
PO Box 342                        Bankruptcy Correspondence         PO Box 659728
Mail Route 20201                  PO Box 182125                     San Antonio TX 78625
Minneapolis, MN 55440-0342        Columbus OH 43218 2125


Allina Hospitals & Clinics        First Premier Bank                Northland Group Inc
2925 Chicago Avenue               Correspondence                    P O Box 390905
Minneapolis MN  55407-1321        PO Box 5524                       Minneapolis MN 55439
                                  Sioux Falls SD 57117 5524


Allina Medical Laboratories       Great Lakes Higher Education      Portfolio Recovery Associates L
2925 Chicago Avenue MR 10019      2401 International Lane           140 Corporate Blvd
Minneapolis, MN 55407-1321        Madison WI 53704 3192             Norfolk VA 23502


Ally Financial                    Heritage Commons Feeny Manor      Reliance Recoveries
P O Box 8122                      901 4th Ave North                 PO Box 29227
Cockeysville, MD   21030          Minneapolis, MN  55405            Minneapolis, MN 55429


Capital One Bankruptcy            Hospital Pathology Associates     Synchrony Bank JC Penny
P O Box 30285                     100 South Owasso Blvd             Attn Bankruptcy Dept
Salt Lake City, UT   84130 3285   St. Paul, MN   55117-1036         PO Box 103106
                                                                    Roswell GA   30076


Capital One Bankruptcy            HSBC Card Services                Synchrony Bank Wal Mart
PO Box 30285                      Correspondence                    Attn Bankruptcy Dept
Salt Lake City UT   84130 3285    P O Box 81622                     PO Box 103106
                                  Salinas CA 93912 1622             Roswell GA   30076


Comenity Bank Avenue              Internal Revenue Service          Target National Bank Credit Car
Bankruptcy Correspondence         PO Box 7346                       3901 West 53rd Street
PO Box 182125                     Philadelphia PA 19101-7346        Sioux Falls SD 57106 4216
Columbus OH 43218 2125


Comenity Bank Dots                Law Offices of Curtis K. Walker   US Department of Education Nati
Bankruptcy Correspondence         4356 Nicollet Ave So              P O Box 1027
PO Box 182125                     Minneapolis, MN 55409             Skokie IL 60076-1027
Columbus OH 43218 2125


Comenity Bank Lane Bryant         Midland Funding Credit Manageme   Vision Financial
Bankruptcy Correspondence         Attn Bankruptcy                   P O Box 7477
PO Box 182125                     8875 Aero Dr Ste 200              Rockford, IL   61126-7477
Columbus OH 43218 2125            San Diego CA 92123
```

```
Walker Methodist Health Center
3737 Bryant Avenue South
Minneapolis, MN  55409-1019




Wyhdam Professionals
P O Box 400
East Aurora, NY  14052
```

REVISED 12/15

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Burns, Felisha R.

## SIGNATURE DECLARATION

**(For use in electronically filed cases only)**

Debtor(s)                                   Case No.   15-43939

___PETITION, SCHEDULES & STATEMENTS
___CHAPTER 13 PLAN
___VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
___AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
_X_MODIFIED CHAPTER 13 PLAN
___OTHER (please describe:_____)

I [WE], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct.

3. [individual debtors only] If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 4/18/19

X _Felisha Burns_____    X _____
Signature of Debtor 1 or Authorized Representative     Signature of Debtor 2

Felisha Burns_____    _____
Printed Name of Debtor 1 or Authorized Representative     Printed Name of Debtor 2